904 F.2d 699
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Leonard O'Neal DOUGLAS, Plaintiff-Appellant,
v.
W. STEPHENS, Superintendent, Clifton T. Perkins Medical
Center; Stuart G. Silver, Director of Department of Health
& Mental Hygiene; Secretary of Health & Mental Hygiene of
Maryland, Defendants-Appellees.
 No. 89-6892.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Feb. 22, 1990.
Decided: May 22, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Paul V. Niemeyer, District Judge. (C/A No. 89-2940-PN).
 Leonard O'Neal Douglas, appellant pro se.
 D.Md.
 VACATED AND REMANDED.
 Before WIDENER, K.K. HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Leonard O'Neal Douglas, an inmate at a state hospital for the criminally insane, filed this action pursuant to 42 U.S.C. Sec. 1983 alleging that the defendants violated his constitutional rights by instituting a policy which would eliminate all cigarette smoking by inmates at the hospital by January 1990. For relief Douglas asked that the inmates be given back their right to buy and own cigarettes. The district court dismissed the case as frivolous pursuant to 28 U.S.C. Sec. 1915(d).
 
 
 2
 To dismiss a complaint as frivolous under 28 U.S.C. Sec. 1915(d) the district court must find that the claim is based on either an indisputably meritless legal theory or factual contentions which are clearly baseless. Neitzke v. Williams, 57 U.S.L.W. 4493 (U.S. May 1, 1989) (No. 87-1882). Given the record in its present state, we cannot find that this standard has been met.
 
 
 3
 The defendants may restrict inmates' possession of personal property where the policy is designed to accomplish the legitimate purposes of the institution or to maintain institutional order and security. Bell v. Wolfish, 441 U.S. 520 (1979). This Court will grant wide-ranging deference to policies and practices instituted by the hospital's administrators to meet the hospital's needs, unless it is shown that the policy is an unreasonable or exaggerated response to those needs. Id.; Turner v. Safley, 482 U.S. 78 (1987); Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). The conditions of confinement should comport fully with the purpose of commitment, with a person involuntarily committed to a mental hospital for care and treatment entitled to better conditions than a criminal whose confinement is designed to punish. Youngberg, 457 U.S. at 321-22, 324. In order to ensure that the conditions of confinement are appropriate, "the Constitution only requires that the courts make certain that professional judgment in fact was exercised." Id. at 321.
 
 
 4
 The district court made no findings as to whether the banning of smoking by all hospital inmates served any legitimate purpose, nor do we find any evidence in the record concerning the defendants' purpose for instituting the policy. Absent the consideration of evidence on this issue, we find that it was an abuse of discretion for the district court to dismiss the case as frivolous pursuant to Sec. 1915(d). Therefore, we vacate the district court's order and remand the case for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 VACATED AND REMANDED